UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL W. BELL,

               Plaintiff,

     v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

               Defendant.

Case No. C17-5441 RSL

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Michael W. Bell appeals the decision of the administrative law judge ("ALJ") finding him not disabled. He contends that the ALJ harmfully erred in rejecting the opinions of Tasmyn Bowes, Ph.D., and his testimony, and that the Court should reverse and remand the case for an award of benefits or for further proceedings. Dkt. 13 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. Bell has not engaged in substantial gainful activity since January 2013.

**Step two:** Mr. Bell has the following severe impairments: obesity, degenerative disc

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

disease, right ankle status post fusion, chronic pain syndrome, right shoulder abnormality, major depressive disorder, posttraumatic stress disorder (PTSD), rule out generalized anxiety disorder/panic disorder, history of head injuries, rule out cognitive disorder, rule out learning disabilities, and adjustment.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Mr. Bell can perform light work subject to additional physical, environments and mental limitations.

**Step four:** Mr. Bell cannot perform past relevant work.

**Step five:** Mr. Bell can perform other jobs in the national economy and is not disabled.

Tr. 18-32. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr.1.[3]

## DISCUSSION

**A.     The ALJ's Evaluation of Dr. Bowes' Opinions**

Dr. Bowes opined that Mr. Bell is moderately limited in his mental ability to perform basic work functions and is markedly limited in "understanding, remembering, and persisting in tasks by following detailed instructions, and performing activities within a schedule, maintaining regular attendance and being punctual with customary tolerances without special supervision." Tr. 28. The ALJ gave Dr. Bowes' opinions "some weight" but gave "the marked limitation in persistence . . . little weight because it is inconsistent with the claimant's testimony that he was able to perform schoolwork eight hours per day, five days a week." *Id.*

Mr. Bell contends the ALJ harmfully erred by failing to "address the marked limitation in performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances." Dkt. 13 at 8. He is correct in that while the ALJ specifically

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

rejected Mr. Bell's marked limitations in persistence, he failed to mention the other marked limitations. When an ALJ does not explicitly reject a medical opinion the ALJ errs. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The Commissioner defends the ALJ arguing the form Dr. Bowes used requires the doctor to rate each separate marked limitation based upon "the individual's ability to sustain work over a normal workday." Tr. 644. The Commissioner claims, consequently, the ALJ's "assignment of little weight to Dr. Bowes' opinion of 'marked' ability to persist ('sustain the activity') applied to all activities where Dr. Bowes checked the box 'marked.'" Dkt. 14 at 7 (citing Tr. 644).

The argument fails. It relies upon a strained reading of the form Dr. Bowes used. The form requires a doctor to rate each limitation based upon the ability to sustain work over a normal workday in order to gauge functional work limitations, not inconsequential limitations. But gauging assessed limitations based on ability to sustain work over a workday does not mean the limitations can be lumped together, or that the mere mention of one is sufficient to cover all limitations. This is quite obvious because the marked limitations Dr. Bowes assessed are listed on the form she used as separate limitations: "b. Understand, remember, and persist in tasks by following detailed instructions," and "c. Perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision." Tr. 644. Not only are they listed separately, they plainly are qualitatively different limitations, i.e., attendance limitations cannot be equated with persistence limitations.

Additionally, the Commissioner's argument that the ALJ actually employed the analysis proffered above is unfounded. The ALJ provided no such explanation, and the Commissioner's argument is thus an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's

decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). The Court notes the Commissioner also suggests the ALJ did not err because he discussed the medical opinions of other doctors, and how Mr. Bell engaged in school activities. Dkt. 14 at 3, 5, 8. But as the ALJ gave no reason to reject the marked limitations (other than persistence) the Court rejects the suggestion as an improper post-hoc argument. The Court does so mindful that meaningful review requires the ALJ to specifically identify the evidence that undermines an opinion and explain how and why the evidence does so. *Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090 1102 (9th Cir. 2014). The ALJ did nothing of the sort here.

Because the ALJ failed to provide specific reasons to reject all of the marked limitations Dr. Bowes assessed, the ALJ erred. The error is harmful because in determining a claimant's residual functional capacity ("RFC"), an ALJ must assess all the relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. See 20 C.F.R. § 416.945(a). Similarly, hypothetical questions that an ALJ poses to a vocational expert ("VE") to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995)). This did not occur and the ALJ accordingly harmfully erred.

While the ALJ erred in failing to address the above marked limitations, he did specifically find that Mr. Bell's testimony about doing schoolwork is inconsistent with a marked limitation in persistence. Mr. Bell argues the ALJ erred because although he attended school, he struggled and received low grades. The argument is unpersuasive. Grades are not dispositive of

persistence. One could struggle regularly on schoolwork, i.e., persist, and still have low grades. Accordingly the ALJ reasonably found Mr. Bell's ability to do schoolwork contradicted the opinion he is markedly limited in his persistence.[4]

**B.    The ALJ's Evaluation of Mr. Bell's Testimony**

Mr. Bell contends the ALJ erred in discounting his testimony. To reject a claimant's testimony, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).[5] The Court notes and rejects Mr. Bell's argument that Social Security Ruling ("SSR") 16-3p governs the ALJ's determination. Dkt. 15 at 5. The SSR was promulgated three months after the ALJ's decision, and in any event the ALJ did not violate SSR 16-3p's directive by rejecting Mr. Bell's testimony based merely upon his character.

The ALJ rejected Mr. Bell's testimony for several reasons. The ALJ found evidence that the claimant was malingering in psychologist Dr. Wingate's testing results and notations. Tr. 27. Evidence of malingering alone is a basis to discount a claimant's testimony. *Shipman v. Colvin*, No. 12-1612 RAJ, 2013 WL 4053228 at *8 (W.Wash. Aug. 9, 2013) citing *Carmickle*, 533 F.3d at 1160 n. 1.

Mr. Bell argues that two other doctors opined Mr. Bell was not malingering, and "thus

---

[4] The Court declines to address the parties' arguments about the Global Assessment of Functioning ("GAF") scores Dr. Bowes assessed because the ALJ on remand must reassess Dr. Bowe's opinions.

[5] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

the better evidence established no malingering." Dkt. 13 at 13. The Court rejects the argument. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court examines the entire record, but cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). But this is what Mr. Bell asks, by arguing that the Court should reweigh the evidence in favor of a finding of no malingering. The Court declines the invitation. There is nothing showing Dr. Wingate failed to find malingering or that her finding is so tenuous that it could not reasonably support a finding of malingering. The Court accordingly affirms the ALJ determination to discount Mr. Bell's testimony based upon malingering.

The ALJ also discounted Mr. Bell's testimony for other reasons. Mr. Bell stated he had hallucinations. The ALJ found the medical record contradicted this claim and showed "he was negative for hallucinations or did not report such symptoms to treatment providers or examiners." Tr. 27. The ALJ also noted Mr. Bell claimed he had foot and back problems that limited his ability to stand and walk or to lift and engage in strenuous activity. Tr. 26. The ALJ discussed the findings of seven medical and other sources that were inconsistent with Mr. Bell's claim. *Id* at 26-27. The ALJ may consider "ordinary techniques of credibility evaluation" including inconsistencies in his testimony and evidence from medical sources, and thus properly rejected Mr. Bell's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The Court need not evaluate the ALJ's other reasons to discount Mr. Bell's testimony because any error would not negate the validity of the overall credibility determination and thus would be harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall

credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). The Court accordingly affirms the ALJ evaluation of Mr. Bell's testimony.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). As to the scope of remand, the Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id.* at 1076-77.

Even when all three requirements are met the Court retains flexibility in determining the appropriate remedy. Here additional proceedings would be useful. The ALJ did not address all of Dr. Bowes' opinions and the Court thus concludes that it is appropriate to remand the case for further administrative proceedings. On remand the ALJ shall reassess the unaddressed marked limitations Dr. Bowes found, develop the record and reassess Mr. Bell's RFC as needed, and proceed to step five as appropriate.

//

Dated this 28th day of February, 2018.

*MWS Lasnik*
ROBERT S. LASNIK
United States District Judge